# EXHIBIT 1

Documents and Pleadings on File with
Horry County Court of Common Pleas
Purported to be Served Upon Defendants

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF HORRY )

GINA TRAHEY,                              )     C.A. No.: 2022-CP-26-02127
                                          )
              Plaintiff,                  )
                                          )     **SECOND**
Vs.                                       )     **AMENDED SUMMONS**
                                          )
GRAND STRAND REGIONAL                     )
MEDICAL CENTER/HCA HEALTHCARE, INC./      )
PARALLON, and CYNTHIA HILTON,             )
                                          )
              Defendant.                  )
_____  )

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint on the subscriber at his office at 4000 Faber Place Drive, Suite 300, North Charleston, SC 29405 within thirty (30) days after the service thereof, exclusive of the day of service. If you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you.

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated: April 11, 2022

1

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF HORRY | ) | |
| | ) | |
| GINA TRAHEY, | ) | C.A. No.: 2022-CP-26-02127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **SECOND** |
| Vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| GRAND STRAND REGIONAL | ) | |
| MEDICAL CENTER/HCA HEALTHCARE, INC./ | ) | |
| PARALLON, and CYNTHIA HILTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Gina Trahey, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., North Charleston South Carolina hereby files her complaint against the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon and Cynthia Hilton as follows:

## NATURE OF THE ACTION

1. This action is brought pursuant to 42 U.S.C. 2000 of Title VII and 42 U.S.C. 1981 of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This action is brought pursuant to laws of the United States of America pursuant to 42 U.S.C. 1981 and discrimination statutes.

3. This action is brought pursuant to laws of the State of South Carolina including but not limited to Wrongful Termination in Violation of Public Policy, Breach of Contract,

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

Slander, Intentional Infliction of Emotional Distress, Negligent Supervision, and Intentional Interference with a Contract.

## PARTIES

4.      The Plaintiff is an individual who resides in the State of South Carolina at all times relevant to this action.

5.      At all relevant times the Defendants, Grand Strand Medical Center/HCA Healthcare, Inc./Parallon were defined as employers pursuant to State and Federal Law.

6.      At all times, relevant to the allegations in this complaint, the Plaintiff was employed with the Defendant, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon. HCA Healthcare, Inc. and Parallon are d/b/a Grand Strand Regional Medical Center as evidenced by their corporate structure, websites, paycheck stubs, and other financial documents.

7.      That the Defendant, Cynthia Hilton is a resident of the South Carolina.

8.      On information and belief, the Defendants are an entities conducting business and affecting commerce in the state of South Carolina.

9.      At all times, relevant to the allegations in this Complaint, the Defendants employed several individuals in the State of South Carolina.

## JURISDICTION AND VENUE

10.     That State of South Carolina has jurisdiction pursuant to the law.

11.     The Defendant, Grand Strand Regional Medical Center/HCA Healthcare, Inc. is a private entity being sued pursuant to the State of South Carolina common law and statutes properly within the jurisdiction of this court.  That Grand Strand Regional Medical Center is owned by HCA Healthcare, Inc. and Parallon.  HCA Healthcare, Inc. and Parallon are private

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

business entities conducting business in the State to South Carolina by and through Grand Strand Regional Medical Center and are therefore subject to the laws of the State of South Carolina.

12.    The Defendant, Cynthia Hilton was an employee of the Defendant, Grand Strand Medical Center/HCA Healthcare, Inc./Parallon, at all relevant times and is subject to this honorable court.

13.    The County of Horry is the proper venue for this action pursuant because this is the District and Division in which a substantial part of the events or omissions giving rise to the claims occurred.

## **FACTUAL BACKGROUND**

14.    That the Plaintiff is a former employee of the Defendant, Grand Strand Medical Center/HCA Healthcare, Inc./Parallon, that was wrongfully terminated from her employment.

15.    That the Plaintiff is a Caucasian female over the age of forty.

16.    That the Plaintiff was employed with the Defendant, Grand Strand Medical Center/HCA Healthcare, Inc./Parallon, as the Director of Health Information Management.

17.    That as the Director of Health Information Management the Plaintiff was required to process, provide and index several types of information, including but not limited to BAA, Amendments, HIPPA Investigations, Complaints from patients, staff and providers, and Board of Nursing Investigations.

18.    That the Plaintiff supervised the Department of Health Information.  That due to the sensitive nature of the information that the Plaintiff worked with her Facility held Privacy in high esteem.

19. That the Plaintiff was considered an exemplary employee with no issues of performance or discipline.

20. That the Plaintiff was supervised by the Defendant, Cynthia Hilton.

21. At the Defendant's Facility where the Plaintiff was employed the facility performed all Document imaging responsibilities. The Facility had 2 small scanners in the department. The scanners were dedicated to team members as the Plaintiff rarely scanned documentation.

22. In December 2020, Cathy Clawson an executive with the Defendant came to the Plaintiff and offered Grand Strand the opportunity to Go-Live with the Document Imaging Project. The Plaintiff was happy to take on the process. As a result of taking on the project the Plaintiff requested training for her Document Imaging team.

23. Due to the limited space and equipment the Process was moved off site about a block away. The new space would accommodate equipment and personnel.

24. However, with the move came issues that unfortunately caused delays.

25. The Move was made April 5-6th. There were issues with computers and phones. The team would require new phone systems. It was approved and the department was waiting for the equipment.

26. The Plaintiff had two new hires starting April 12th. However, because of the new equipment not being received they were required to be trained in the registration area at the main hospital.

27. On April 13, 2021, the new hires were scheduled to attend orientation. The Plaintiff was scheduled for an ACFO interview that she was required to attend. The Plaintiff attended

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

her interview and informed the teams including the new hires that if they needed anything to call or text.

28. The Plaintiff returned to the Department at 10:30 am. When the Plaintiff returned, she was informed that Hilton had called and was very harsh and was yelling at employees.

29. The Plaintiff immediately called Hilton who inflicted the same bullying, yelling and harassment upon the Plaintiff. The Plaintiff had her office door closed and others in the office could hear Hilton yelling at the Plaintiff.

30. On April 14, 2021, the new equipment arrived. The Plaintiff had requested the equipment early so that the team could be familiar with it. Only part of the equipment arrived and the IT Department was required to loan the department further equipment.

31. From April 27-29, 2021, the Document Imaging Go-Live went live. The Defendant Hilton and Tracy Rowell came to the department to train the team. They only remained for two days for the training. As a result of the failure to properly train the staff and issues with equipment the Plaintiff was left with a mess.

32. The two new hires who were hired for 32 hours a week had 59 hours of overtime from Wednesday through Saturday due the amount of work, lack of training, lack of person and the overall lack of consideration of Hilton.

33. Because of the issues Hilton and Rowell were required to return the following week for further training. During the second training session Hilton provided conflicting information due to her lack of knowledge regarding the documentation. During the second training Hilton proceeded to inform the staff about her birthday party and leaving early from work to attend hockey games and working in her garden. The Team was significantly upset by the gloating by Hilton when they were working overtime to get the Document

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

Imaging Go-Live up and running.  The Team was severely upset and informed the Plaintiff especially when staff was instructed that they had to stay until the previous day's discharges had all been scanned.  Nothing was to be held to till the following day.

34.    The Plaintiff complained about the lack of training, the overall issues with equipment and Hilton's overly aggressive attitude and bullying.

35.    The Plaintiff was working from 6:30 am to 11:30 pm 7 days a week to process the records. When the Plaintiff was not working, she was required to be on call.  Both the new hires were threatening to quit because of the issues with hours, and overall hostility created by Hilton.

36.    On May 10th, Robert Grace the CFO asked the Plaintiff how the roll out was going.  The Plaintiff informed Grace of all the problems within the department and the failure of concern from Hilton.

37.    On May 11-12, 2021, the plaintiff was called by Hilton and given a Corrective Action.

38.    The Plaintiff was specifically informed by Hilton to tweak the schedule and not assist the department on the weekends.

39.    That the Plaintiff was subjected to differential treatment during her employment.  Other employees within the department were not subjected to the same criticism, overbearing nature, and harassment that the plaintiff was subjected to.

40.    Hilton treated the Plaintiff differently because of her race, the race complaint against the Plaintiff and the fact that the Plaintiff wanted to promote an African American.  The Plaintiff received push back regarding her ambition to promote an African American.

41.    During the Plaintiff's employment the Plaintiff recognized that the Defendant, Grand Strand Regional Medical Center/ HCA Healthcare, Inc./Parallon was not following the law.

7

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

The Plaintiff was well aware of the requirements of the law because of the privacy nature of medical records.

42. That as a result of the recognition the Plaintiff reported the failure of the Defendants to follow the law to Ethics and Compliance within the hospital.

43. On May 20, 2021, the Plaintiff reported to corporate that she felt she was being retaliated against for her reports.

44. That Corporate failed and refused to do anything regarding the Plaintiff's reports of failure to follow policy and the law.

45. The Plaintiff went to Ethics and Compliance and reported the hostile work environment, harassment by Cynthia to employees and herself to Peter Kaufman. The Plaintiff reported Theft and Violence in the Workplace, violations of the Code of conduct, discrimination against employees, violations of policies and procedures and the law.

46. On July 7, 2021, the Plaintiff had a conversation with Peter Kaufman regarding promoting an employee, Teona Grant. The conversation was overheard by another employee who falsely informed Hilton of information that was not said during the conversation that she was eavesdropping on. The Plaintiff explained to Hilton that is not what was said.

47. Hilton initiated an investigation.

48. Hilton failed to discuss the conversation with Peter Kaufman and initiated the investigation based on lies. Hilton proceeded to spread the lies despite knowing that the information was false.

49. Hilton has further published the false statements regarding the Plaintiff to interfere with the Plaintiff's employment relationship with the Defendants, Grand Strand and others.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

50.   Hilton has inflicted severe emotional distress upon the Plaintiff in order to inflict maximum damages.

51.   Hilton is unable to properly manage employees and uses bulling, manipulation and hostility to intimidate and control.

52.   The Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, were well aware of the propensities and failures of Hilton as a manager but failed and refused to curb the behavior.

53.   The Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, Grand Strand negligently supervised Hilton.

54.   That on July 9, 2021, the Plaintiff was terminated from her employment for pretextual reasons.

55.   After the Plaintiff's termination in July of 2021, 2 other employees the HIM coordinator and HIM Specialist resigned due to Hilton's behavior and hostile work environment.  That the Plaintiff is a resident of the United States and at all relevant times the Plaintiff resided in South Carolina.

56.   That Defendants wrongfully discriminated against the Plaintiff in violation of 42 U.S.C. 1981 by treating her differently and terminating her for reporting race discrimination.  The Plaintiff reported differential treatment of employees by Hilton to Ethics and Compliance and was terminated.

57.   That the Plaintiff attempted to grieve her termination.

58.   That each of the reasons presented by the Defendant's reasons for treating the Plaintiff differently were pretextual.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

59. The reasons presented by the Defendant for discipling the Plaintiff and terminating her employment were pretextual.

60. Defendant's actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

61. As a result of Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, loss of promotion, loss of benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which she should be compensated.

62. That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, are the direct and proximate cause of injury to the Plaintiff.

63. That the Plaintiff was issued certain policies and procedures by the Defendants that governed her employment and was required to follow those as set forth in operations manuals, employee handbooks, intranet, etc.

64. The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

65. That as a result of Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon's actions, by and through Cynthia Hilton, violated the Plaintiff's Civil Rights. The Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated.

66. That the Defendants' actions towards the Plaintiff violated the law.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

67.    That the Defendants are the direct and proximate cause of damage to the Plaintiff.

68.    That, as a direct and proximate result of the Defendants intentional unlawful actions towards the Plaintiff based on the Plaintiff's South Carolina and Federal Law the Plaintiff:

   a.    suffered severe emotional distress;

   b.    suffered future lost wages and future lost benefits;

   c.    suffered economic damages;

   d.    Loss of employment;

   e.    Loss of Future employment;

   f.    incurred attorney fees for this action;

   g.    incurred costs of this action; and

   h.    will incur future attorney fees and costs.

69.    That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

70.    Pursuant to 42 U.S.C. Section 1981A, Plaintiff also seeks compensatory damages including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

71.    Pursuant to 42 U.S.C. Section 1981A, Plaintiff also seeks to recover punitive damages from Defendant for discriminating/Retaliating against Plaintiff with malice or with reckless indifference to Plaintiff's federal protected rights.

72.    Plaintiff seeks all back pay and fringe benefits to which she is entitled under 29 U.S.C. Section 626(b), as well future damages and liquidated damages under the act.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

73.  As Plaintiff is seeking damages under 42 U.S.C. 1981A and 29 U.S.C. Section 626(b) Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant to 42 U.S.C. Section 1981(A)(c)(1) and pursuant to 29 U.S.C. Section 626 (c)(2).

74.  Pursuant to 42 U.S.C. Section 1988(c) and 42 U.S.C. Section 2000e-5(k), Plaintiff seeks her attorney's fees in bringing this action, including expert witness fees, and further seeks her costs associated with bringing this action pursuant to 28 U.S.C. 1920 of the Federal Rules of Civil Procedure, along with prejudgment and post-judgment interest pursuant to the law.

## FOR A FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

75.  Paragraphs one (1) through seventy-four (74) are hereby incorporated verbatim.

76.  That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon wrongfully terminated the Plaintiff in violation of public policy when it terminated him because she reported violations of the law, HIPPA concerns, Ethics and Compliance concerns and discrimination against one of her employees.

77.  That, as direct and proximate result of the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon's unlawful actions, the Plaintiff suffered significant damages to her reputation.  The Plaintiff further suffered lost wages, lost benefits, emotional damages, compensatory damages, and consequential damages.

78.  That the Plaintiff is entitled to recover an award against the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, in the amount of actual, consequential, compensatory and punitive damages.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

79.    That the Plaintiff as an employee has an inherent right to support other employees in their ability to be promoted.

80.    The Plaintiff further is obligated to report violations of the law, regarding contracts, overtime, discrimination, failure to follow policy, Ethics and Compliance violations, etc.

81.    That the Plaintiff reported all of her concerns to Ethics and Compliance locally and to Corporate in order to attempt to prevent the actions taken by the Defendant as she was well aware that they were illegal under South Carolina Law.

82.    That Defendant terminated the Plaintiff in violation of a clear mandate of public policy and in violation of South Carolina Law.

83.    That as a direct and proximate cause of the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon's wrongful termination of the Plaintiff, the Plaintiff:

   a.   Suffered the loss of her job;

   b.   Suffered lost wages, the loss of her salary; and future increases thereof;

   c.   Suffered the loss of benefits associated with her job;

   d.   Suffered the loss of future benefits associated with her job;

   e.   Suffered consequential economic damages as a result of the loss of his job;

   f.   Embarrassment;

   g.   Severe Emotional Distress

   h.   Incurred attorney's fees and costs as a result of having to bring this action.

84.    That the Plaintiff is entitled to an award of damages against the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon for actual damages, consequential damages, punitive damages, attorney's fees, costs of this action and other damages, such as this Honorable Court deems appropriate and just.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

## FOR A SECOND CAUSE OF ACTION

## SLANDER AGAINST CYNTHIA HILTON

85.   That Paragraphs one (1) through eighty-four (84) are hereby incorporated verbatim.

86.   The Defendant, Hilton, published false statements regarding the Plaintiff's work performance in order to facilitate her termination.  The Defendant, Hilton's actions were intentional and were with malice.

87.   Hilton's false statements were in order to ensure that she was not terminated for her actions within her department.  The Plaintiff had reported the Defendant, Hilton for violations of several policies, and the law to Ethics and Compliance.

88.   That the false statements were intentionally made by the Defendants, in order to ruin, sabotage and create a false light regarding the Plaintiff's employment, performance and overall reputation.

89.   That the Defendant, Hilton has continued the publication of the false narrative regarding the Plaintiff in order to damage the reputation of the Plaintiff.

90.   That the Defendant, Hilton is the direct and proximate cause of significant damage to the Plaintiff.

91.   That the Plaintiff is entitled to damages from the Defendants in the amount of actual, compensatory, consequential and punitive damages for their unlawful actions against the Plaintiff, their unlawful actions towards him in order to ruin his reputation, their unlawful actions of slandering her name.

## FOR A THIRD CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH A CONTRACT

## AGAINST CYNTHIA HILTON

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

92.    That Paragraphs one (1) through ninety-one (91) are hereby incorporated verbatim.

93.    That the Plaintiff was an employee at will with the Defendant Employment at will is an inherent implied contract.

94.    The Defendant, Hilton, was aware of the Plaintiff's contract for employment and intentionally interfered with that contract by providing false information, intimidation, harassment, bulling and hostile work environment.

95.    That the Defendant, Hilton purposefully published false statements regarding the Plaintiff. Hilton intentionally bullied the Plaintiff and her Staff, Falsely reported information to the Defendants, Grand Strand Medical Center/HCA Healthcare, Inc./Parallon, to interfere with the Plaintiff's employment and facilitate her termination so that Hilton would not suffer consequences for her abhorrent behavior.

96.    That Hilton purposefully and intentionally created hostility in order to undermine the Plaintiff's career.  Hilton intentionally degraded and bullied the plaintiff with inappropriate and unprofessional comments on a daily basis.  That Hilton set out to intentionally crucify the Plaintiff.

97.    That the Plaintiff was terminated from her employment as a result of the interference with her employment by Hilton.

98.    Hilton showed no human compassion to the Plaintiff based on her position and performance.

99.    Hilton went out of her way to ruin the Plaintiff's employment in order to create an escape goat for her own shortfalls in management.

100.    That Hilton intentionally interfered with the Plaintiff's Contract to procure the Breach of the Contract.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

101.    That the sole purpose of Hilton was to harm the Plaintiff in retaliation for her reports regarding Hilton's failures, violations of the law and policy.

102.    That Hilton lacked justification for any and all actions taken against the Plaintiff.

103.    That Hilton is the direct and proximate cause of damage to the Plaintiff.

104.    That the Plaintiff is entitled to damages from Cynthia Hilton, in the amount of actual, compensatory, and punitive damages.

### FOR A FOURTH CAUSE OF ACTION

### NEGLIGENT SUPERVISION OF AN EMPLOYEE AGAINST

### GRAND STRAND REGIONAL MEDICAL CENTER/HCA HEALTHCARE,

### INC./PARALLON

105.    Paragraphs one (1) through one hundred and four (104) are hereby incorporated verbatim.

106.    That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, negligently supervised its employees.

107.    The Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon were fully aware of the actions of Cynthia Hilton.

108.    That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, owed the Plaintiff a duty to protect the Plaintiff from the wrongful acts of its employees.

109.    Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, failed and refused to protect the Plaintiff and allowed Hilton to harass, intimidate, bully, and inflict emotional distress on Plaintiff without justification.

110.    At all times the Plaintiff was an exemplary employee.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

111. That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, breached the duty it owed to the Plaintiff by not properly supervising its employees.

112. That the negligent supervision of these employees caused the Plaintiff significant damages.

113. That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, had knowledge of the Defendants actions of making false statements regarding the employees.

114. That the Defendants is the proximate and direct cause of damages to the Plaintiff.

115. That the Plaintiff is entitled to an award of damages from the Defendants for their negligent supervision of their employees in the amount of actual, compensatory, and punitive damages.

### FOR A FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST CYNTHIA HILTON

116. Paragraphs one (1) through one hundred and fifteen (115) are hereby incorporated verbatim.

117. The Defendant, Hilton's actions against the Plaintiff during her employment were extreme, intentional and inflicted upon the Plaintiff severe mental and emotional distress.

118. That Hilton harassed the Plaintiff on a daily basis regarding her operation of the department.

119. As a result of the actions of the Defendant, Hilton, the Plaintiff suffered irreparable injuries, including but not limited to loss of pay, other economic losses, emotional pain and

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which they should be compensated.

120.   That the Defendant, Hilton, are the cause of the extreme emotional distress through is actions of harassing the Plaintiff regarding her employment.

121.   That the Plaintiff is entitled to damages from the defendants in the amount of actual, compensatory, consequential and punitive damages for the ridiculous actions against the Plaintiff.

<u>**FOR A SIXTH CAUSE OF ACTION**</u>

<u>**RACE DISCRIMINATION/RETALIATION IN VIOLATION OF 42 U.S.C. 1981**</u>

122.   That Paragraphs one (1) through one hundred and twenty-one (121) are hereby incorporated verbatim.

123.   That the Plaintiff has been treated differently based on her race by the Defendants, the Plaintiff was subjected to a race complaint that was misinterpreted when she wanted to promote an African American and received push back because of it.

124.   That the Plaintiff was slandered, ostracized, degraded, bullied, harassed, and intimidated based on her race, race complaints against her and the fact that she wanted to promote an African American.  The Actions of the Defendants changed the terms and conditions of the Plaintiff's employment making it impossible for the Plaintiff to perform her position.

125.   That the Defendants allowed the Plaintiff to be discriminated/Retaliated against based on her race in violation of their own policies and procedures.

126.   That the Defendants allowed Hilton to knowingly publish false information, retaliate against the Plaintiff, discipline the Plaintiff and terminate her employment for pretexual reasons.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

127.  Hilton specifically bullied the Plaintiff and her department.

128.  That the Plaintiff reported the differential treatment of African Americans in her department to Ethics and Compliance.  As a result of that conversation the Plaintiff was retaliated against with discipline and termination.

129.  That the Defendants discriminated against the plaintiff based on retaliation in violation of 42 U.S.C. 1981.

130.  That the Defendant, Grand Strand, subjected the Plaintiff to discrimination in violation of the law.

131.  That, as a direct and proximate result of the Defendant, Grand Strand's intentional, unlawful and retaliatory actions, the Plaintiff:

       (a)     Suffered severe emotional distress;

       (b)     Suffered lost wages and benefits;

       (c)     Suffered future lost wages and benefits;

       (d)     Incurred attorney's fees and costs of this action.

132.  That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

## FOR A SEVENTH CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. 1981

133.  That Paragraphs one (1) through one hundred and thirty-two (132) are hereby incorporated verbatim.

134.  That the Plaintiff was an employee of the Defendants.

19

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

135. That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon, is an employer in accordance with 42 U.S.C. Section 1981.

136. That the Defendants subjected the Plaintiff to a hostile work environment.

137. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

138. The Plaintiff was subjected to discrimination based on her Race and in retaliation for her complaints regarding differential treatment.

139. That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon perpetrated the hostile work environment.

140. That the Plaintiff suffered severe emotional distress as a result of the Defendants' hostile work environment based on the Plaintiff's Race and in retaliation for her complaints regarding differential treatment of her employees.

141. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendants subjected the Plaintiff.

142. That the Plaintiff has been damaged as a result of the Defendants work environment.

143. That the Defendants, Grand Strand Regional Medical Center/HCA Healthcare, Inc./Parallon are the direct and proximate cause of damage to the Plaintiff.

144. That the Plaintiff is entitled to any and all damages permitted under federal law.

## **PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E.  Award to plaintiff punitive damages against the defendants for their malicious and spiteful pattern of race discrimination/Retaliation;

F.  Award to the Plaintiff all damages available to the Plaintiff pursuant to the State of South Carolina;

G.  Award to plaintiff All damages available to the plaintiff damages against the defendants for their malicious discrimination/Retaliation against the plaintiff in violation of 42 U.S.C. 1981;

H.  Award to the Plaintiff all damages available pursuant to the constitution of the United States and the State of South Carolina;

I.  Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

J.  Award all damages available to the Plaintiff pursuant to Federal Law;

K.  Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in discrimination, disparate treatment or retaliation against plaintiff and

L.  enter any other order the interests of justice and equity require.

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

ELECTRONICALLY FILED - 2022 Apr 11 11:55 AM - HORRY - COMMON PLEAS - CASE#2022CP2602127

HUNT LAW LLC

*s/Bonnie Travaglio Hunt*
Bonnie Travaglio Hunt
HUNT LAW LLC
4000 Faber Place Drive, Suite 300
North Charleston SC 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709

Dated:  April 11, 2022